FRUCHTBAUM v. SCHINASI et al.

*(Supreme Court, Appellate Term, First Department.   May 7, 1914.)*

FRAUD (§ 64*)—ISSUANCE OF CHECKS—QUESTION FOR JURY.

Where defendants represented as good a worthless check which they induced plaintiff to take, there was sufficient evidence of their fraudulent misrepresentation to carry to the jury an action for damages for passing the check; the drawing and issuing of the check itself amounting to a representation that the drawers had funds on deposit sufficient to meet it.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 65½, 67–71; Dec. Dig. § 64.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Mamie Fruchtbaum against Abraham Schinasi and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Abraham H. Sarasohn, of New York City, for appellant.
Clarence Y. Palitz, for respondents.

WHITAKER, J.   This action is brought to recover the sum of $350 damages sustained by plaintiff through the fraudulent act of the defendants in passing upon her a worthless check for that amount. The claim was reduced on the trial by a credit of $100, leaving the sum of $250 due plaintiff. The action is for fraud. The complaint was dismissed at the close of plaintiff's case. We are of opinion that sufficient proof was adduced to submit the case to the jury. Defendants urgently requested that plaintiff give them her check in exchange for theirs, as they had deposited a check drawn on an out of town bank. After some persuasion plaintiff gave her check and received defendants' check in return. Defendants cashed plaintiff's check and secured the money thereon. Plaintiff deposited defendants' check twice in the bank, and each time defendants' check was returned by the bank; there being insufficient funds to meet it. Defendants' check was not good when it was delivered to plaintiff and it was not good at any time it was presented at the bank for payment. Defendants obtained plaintiff's money by means of their worthless check. Even when no oral representation is made, the act of drawing and issuing a check amounts to a representation that the drawer keeps an account with the drawee and that there are funds on deposit to meet it. Sieling v. Clark, 18 Misc. Rep. 464, 465, 41 N. Y. Supp. 982. In addition, there was, in the case at bar, express representations to this effect.

We are of the opinion that sufficient evidence of fraud was adduced to entitle plaintiff to go to the jury.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes